## STEWART, TREASURER WYANDOTTE COUNTY, KANSAS, *v.* CITY OF KANSAS CITY, KANSAS.

ERROR TO THE SUPREME COURT OF THE STATE OF KANSAS.

No. 284.   Motion to dismiss or affirm submitted October 18, 1915.—
Decided November 1, 1915.

What the duty of a county officer is under the law of the State of which
he is an instrument is a local question and this court has no jurisdic-
tion under § 237, Judicial Code, to review the judgment of the
state court.

A county officer has no personal interest in a litigation brought to
compel him to apply public moneys in his hands in accordance with
the state law, and he cannot defend such a suit on the ground that
the statute is unconstitutional as depriving him as an individual
or as a taxpayer of his property without due process of law or
denying him the equal protection of the law.

Municipalities of the State are creatures of the State and the power
of the State thereover is very broad and may be exercised in many
ways affecting the property of, and giving rise to inequalities be-
tween, municipalities without encountering the due process and
equal protection provisions of the Fourteenth Amendment.

The statute of Kansas requiring counties to reimburse municipalities
of the first class, but not of other classes, for rebates allowed for
prompt payment of taxes is not unconstitutional under the due
process or equal protection provisions of the Fourteenth Amend-
ment.

Writ of error to review 90 Kansas, 846, dismissed.

THE facts, which involve the jurisdiction of this court
under § 237, Judicial Code, to review a judgment of the
state court in a case involving the rights and duties of a
county officer, are stated in the opinion.

*Mr. William H. McCamish* and *Mr. R. J. Higgins* for de-
fendant in error in support of the motion.

*Mr. L..W. Keplinger* and *Mr. C. W. Trickett* for plaintiff in error in opposition to the motion.

Mr. Justice McKenna delivered the opinion of the court.

This action originated in a petition for mandamus filed in the District Court of Wyandotte County, Kansas, by defendant in error against plaintiff in error to require the latter to account for the sum of $30,840.24 alleged to be due defendant in error under certain taxing statutes of the State.

Judgment was entered for defendant in error which was affirmed on appeal by the Supreme Court of the State. The case was then brought here.

Motion is made to dismiss, on the ground that no Federal question was raised or passed on by the state court, or alternatively to affirm the judgment.

The controversy is stated by the Supreme Court of the State as follows, 90 Kansas, 846, 847:

"The question in dispute concerns the disposition of the penalties imposed by law for delinquency in the payment of taxes levied by and for the city. In substance it is this: Is the county required to reimburse a city of the first class for the amount by which the taxes collected for the city are reduced by rebates granted for prompt payment, and at the same time to pay over to the city the amount collected as penalties for delay in the payment of taxes levied by the city, while in the case of taxes levied by cities of the second and third classes, and by townships and school districts, the rebates are charged to the county and the penalties credited to it?"

The question was answered in the affirmative, citing and construing the state statutes and upon a consideration of the legislative power of the State over its municipal subdivisions. Plaintiff in error urged and now urges that the

statutes so construed deprive taxpayers of the county who reside outside of cities of the first class of property without due process of law and deny them the equal protection of the law.

Plaintiff in error is not impleaded as a taxpayer nor does he defend as such. He is sued as a county officer and defends by virtue of the exercise of his functions as a county officer. In other words, he defends by virtue of laws of which he is an instrument. Constituted by the laws of the State, he yet attempts to resist one of its laws. Whether he may do so is purely a local question. *Smith* v. *Indiana*, 191 U. S. 138. He certainly has no personal interest in the litigation. *Braxton County Court* v. *West Virginia*, 208 U. S. 192; *McCandless* v. *Pratt*, 211 U. S. 437; *Marshall* v. *Dye*, 231 U. S. 250.

If, however, plaintiff in error is not estopped by that consideration he encounters another. It is manifest that the statute assailed was enacted by the State in regulation of its municipalities, and the power to do this is very broad. It was said in *Railroad Company* v. *County of Otoe*, 16 Wall. 667, 676, that "counties, cities, and towns exist only for the convenient administration of the government. Such organizations are instruments of the State, created to carry out its will." This power of creation and control may be exercised in many ways and may give rise to actual or asserted inequalities. It has been exercised to enlarge or contract the boundaries of municipal corporations, invest them with special powers, divide and apportion their property. *Kies* v. *Lowrey*, 199 U. S. 233; *Braxton County Court* v. *West Virginia*, supra. It would be difficult to define the restrictions upon this power of control and keep it efficient. It is very certain that the Kansas statute does not transcend the limitations. We think the questions raised are more formal than substantial, and the writ of error is

*Dismissed.*