[No. 22247.   Department Two.   April 17, 1930.]

Spokane County, *Respondent*, v. Certain Lots in City
of Spokane, *Defendants*, The City of
Spokane, *Appellant*.[1]

*J. M. Geraghty* and *Alex M. Winston,* for appellant.
*C. W. Greenough* and *A. O. Colburn,* for respondent.

Holcomb, J.—This action was brought by respondent under the provisions of the Laws of 1925, Ex. Ses., p. 472, chapter 171, the object being to quiet the title of respondent to a large amount of real property theretofore purchased by it at general tax sales, which property has not been re-sold by the county.

Spokane filed an answer praying only that its rights

[1]Reported in 287 Pac. 675.

be preserved to enable it to procure from the county a deed to the property to which title was being quieted at any time before resale of the property by the county as provided by Laws of 1929, p. 364, chapter 143. This act, although complete in itself, is substantially identical with Laws of 1925, Ex. Ses., p. 470, chapter 170, the only difference between the two acts being that it is provided in the latter act if a city should desire to acquire property at the face of the tax without interest, but plus costs, it might "acquire such property from the county and receive a deed therefrom upon the payment of the face of such taxes without penalty or interest."

On the filing of the answer by the city, respondent moved for judgment notwithstanding such answer. The motion was granted and judgment entered generally quieting title to the county against all claims of the city under the act of 1929. From that judgment Spokane has appealed.

■ ■ The only assignment of error is that the court erred in rendering judgment in favor of respondent as against the right of the city to receive a deed at any time before re-sale by the county.

In a former appeal under the same title as the present appeal (153 Wash. 462, 279 Pac. 724) we decided that Laws of 1925, Ex. Ses., p. 472, chapter 171, superseded chapter 170, *id.*

Respondent contends that that decision is decisive of the present case. We do not so consider. In that case we stated that:

"The questions involved on the appeal are two, namely, whether the acts are necessarily conflicting; and, if they are conflicting, which of them must prevail over the other."

Having decided that they were conflicting and that chapter 171 superseded chapter 170, we did not pass

upon the effect of the amendatory act of Laws of 1929, p. 364, chapter 143. Although the new enactment was passed before the decision in that case was filed, there was no occasion for us to pass upon the effect of the act of 1929 on the prior laws.

That Laws of 1929, p. 364, chapter 143, is an amendatory act is shown by the enacting clause which reads:

"Section 1. That section 9393 of Remington's Compiled Statutes of Washington, as amended by chapter 170, Laws Extraordinary Session of 1925, be amended to read as follows:"

Respondent accordingly quotes 25 R. C. L. 907, as follows:

"When a statute continues a former statute law, that law common to both acts dates from its first adoption, and only such provisions of the old act as are left out of the new one are gone, and only new provisions are new laws. Where an act is amended 'so as to read as follows' the part of the original act which remains unchanged is considered as having continued in force as the law from the time of its original enactment and the new portion as having become the law only at the time of the amendment."

But this court had decided that chapter 170 was superseded by chapter 171. The result, therefore, of the enactment of Laws of 1929, p. 364, chapter 143, with one change, was to reenact Laws of 1925, Ex. Ses., p. 470, chapter 170. It is thus certain that the legislature had in view making the law substantially as it had been in chapter 170 by enacting chapter 143, *supra*.

The effect of our decision in 153 Wash. 462, 279 Pac. 724, was to take away from a city the right to redeem from county sales or taxes at any time before re-sale. The effect of chapter 143, *supra,* is to restore that right.

Under our system of government, counties are

created by the state under its sovereign power without the consent of the inhabitants, and legislative authority over them as administrative branches of governmental affairs is unlimited except as provided in the constitution; and. questions of state policy and necessity, particularly in matters of taxation, therefore are legislative questions. *State ex rel. Board of Commissioners v. Clausen,* 95 Wash. 214, 163 Pac. 744. See, also, *Railroad Co. v. County of Otoe,* 83 U. S. 667.

The *Otoe County* case was reaffirmed by that court in *Stewart v. Kansas City,* 239 U. S. 14. In the last cited case the court said:

"Counties, cities, and towns exist only for the convenient administration of the government. Such organizations are instruments of the state, created to carry out its will."

See, also, *Demoval v. Davidson County,* 87 Tenn. 214, 10 S. W. 353.

The act of 1929 manifestly restored to cities the rights intended to be conferred by Laws of 1925, Ex. Ses., p. 470, chapter 170.

Upon these considerations, we conclude that the lower court was in error in holding that the present case was controlled by our decision in 153 Wash. 462, 279 Pac. 724, *supra.*

The judgment of the trial court is therefore reversed and remanded for further proceedings in conformity herewith.

MITCHELL, C. J., FULLERTON, FRENCH, and MAIN, JJ., concur.