STATE EX REL. CAMPBELL *v.* STATE OF INDIANA ET AL.

[No. 28,024. Filed November 10, 1944. Rehearing denied December 13, 1944.]

*Taylor, Kurrie & Quinn,* of Indianapolis, for appellant.

*James A. Emmert,* Attorney General, *Frank Hamilton,* First Deputy Attorney General, and *Fred R. Bechdolt,* of Indianapolis, for appellees.

SHAKE, C. J.—By this action the appellant sought, unsuccessfully in the court below, to mandate the appellees to pay to the relator certain unemployment compensation benefits, by virtue of an award of the Review Board of the State Employment Security Board, dated February 3, 1942. The history of the controversy is disclosed by the opinion of this court in the case of *Walter Bledsoe Coal Co.* v. *Review Board, etc.* (1943), 221 Ind. 16, 46 N. E. (2d) 447. Pursuant to the mandate entered in that case the Appellate Court of Indiana directed said Review Board to set aside its award of benefits and on April 30, 1943, said Board entered an order reading:

> "Now, therefore, in compliance with the order of the Appellate Court and, further, in compliance with a decision of the Supreme Court, the Review Board hereby reverses its former decision in which the several claimants were awarded benefits, and now orders that benefits be denied to the several complainants herein."

Subsequently, said relator made a demand upon the appellees for the payment of the benefits alleged to be due him under the award of February 3, 1942, notwithstanding the mandate of this court, the order of the Appellate Court and the action of the Review Board in setting aside its prior award. The theory of the appellant's action is that said relator is entitled to benefits by virtue of the proviso attached to Clause (b) of Section 8 of the Employment Security Act of 1941. Acts of 1941, ch. 227, § 8, p. 735; § 52-1508, Burns' 1933 (Supp.), § 10168-27, Baldwin's Supp. 1941, which recited that, "if the review board allows benefits, such

benefits shall be paid regardless of any appeal which may thereafter be taken to a court of jurisdiction."

The appellant says in its brief:

"The sole contention of appellant is that the appellees should have abided by the clear and unambiguous language of the statute and paid his benefit claim regardless of the appeal."

Strictly speaking, there is no such thing as an appeal from the Review Board to the Appellate Court or to any court, for that matter. What the law authorizes and what actually occurred was a judicial review of the acts of the administrative agency, within certain well defined limitations. By the former litigation the action of the Review Board in allowing certain claims, including that of the relator herein, was ordered to be vacated and set aside. That order was complied with and there is, consequently, no basis for relator's action in mandate herein.

What the Legislature undertook to accomplish by providing that "benefits shall be paid regardless of any appeal" is not necessary for us to presently determine. We may be certain, however, that said language cannot be construed as placing the Review Board outside the scope of all judicial control. To hold otherwise, would render said agency supreme and permit the public funds entrusted to it to be diverted to purposes never contemplated by the State Employment Security Act, all without any recourse whatever. The mere statement of such a result constitutes sufficient reason for rejecting the appellant's theory, but our conclusion is also supported by many judicial precedents. *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. (2d) 399; *Dallas Fuel Co.* v. *Horne* (1941), 230 Iowa 1148, 300 N. W. 303; *Chrysler Corporation* v. *Smith* (1941), 297 Mich. 438, 298 N. W. 87; *Chrysler Corpora-*

*tion* v. *Appeal Board of Mich. U. C. Com'n.* (1942), 301 Mich. 351, 3 N. W. (2d) 302. We have considered the case of *Abelleira* v. *District Court of Appeal, Third District* (1941), 17 Cal. (2d) 280, 310, 109 P. (2d) 942, 958, 132 A. L. R. 715, 735, relied upon by the appellant, and we concur in the view expressed in the dissenting opinion wherein it was said:

"To hold that a commission set up by a statute of this state with the highly important and responsible duties of the Employment Commission is not amenable to judicial process . . . would be to constitute the commission an autocratic body whose functioning is uncontrolled by any consideration except its own whim and caprice. Such of course is not the law of this state, nor of any other jurisdiction, state or federal."

The judgment is affirmed.

Note.—Reported in 57 N. E. (2d) 433.