844

**AERO DESIGN & ENGINEERING CO.**
**et al., Plaintiffs,**

v.

**OKLAHOMA EMPLOYMENT SECURI-**
**TY COMMISSION et al., Defendants.**

Civ. A. No. 7297.

United States District Court
W. D. Oklahoma.

Dec. 28, 1956.

Lytle, Johnston & Soule, Oklahoma City, Okl., for plaintiff.

For plaintiff intervenors:

Johnson, Gordon & Cotter, Oklahoma City, Okl., for American Iron & Machine Works Co., Inc.

Withington, Shirk, Nichols & Clifford, Oklahoma City, Okl., for Robberson Steel Co. and Capitol Steel & Iron Co.

Edward M. Box, Oklahoma City, Okl., for Capitol Hill Taxi Operating Co.

Embry, Crowe, Tolbert, Boxley & Johnson, Oklahoma City, Okl., for Associated Industries of Oklahoma.

Milton Elliott, Burton Duncan and Robert H. Reynolds, Oklahoma City, Okl., Mac Q. Williamson, Atty. Gen. of Oklahoma, and James C. Harkin, Asst. Atty. Gen. of Oklahoma, for defendant. For defendant intervenor:

Schwoerke & Schwoerke, and Dean & McWilliams, Oklahoma City, Okl., for Jack D. Abraham and 256 others.

Before MURRAH, Circuit Judge, and CHANDLER and RIZLEY, District Judges.

MURRAH, Circuit Judge.

This suit challenges the constitutionality of the so-called double affirmation clause of the Oklahoma Employment Security Act. 40 O.S.A. § 211 et seq. The Act provides for the payment of certain stipulated benefits to unemployed persons under prescribed conditions from a fund created by contributions of Oklahoma employers (§ 217); creates an Employment Security Commission (§ 220(a); authorizes commission determination of eligibility for benefits according to statutory standards (§§ 214, 215); provides for administrative review of commission determination by appeal tribunal (§ 216 (d); and further administrative appeal to a board of review (§ 216(d) (3) with the right of judicial review from the administrative decisions on questions of law. (§ 216(d) (7); provided, however, that "If a determination allowing benefits is affirmed in any amount by an appeal tribunal, or is so affirmed by the Board of Review, or if a decision of an appeal tribunal allowing benefits is affirmed in any amount by the Board of Review, such benefits shall be promptly paid regardless of any further appeal, and no injunction, supersedeas, stay, or other writ or process suspending the payment of such benefits shall be issued by the Board or any court but if such decision is finally reversed no employer's account shall be charged with benefits as paid pursuant to the erroneous determination and benefits shall not be paid for any subsequent weeks of unemployment involved in such reversal." § 216 (e).

Three-judge federal equity jurisdiction is based upon the constitutional issue, the requisite amount in controversy and the prayer for injunctive relief against the payment of the benefits after double affirmation pending judicial review in the state court. 28 U.S.C.A. §§ 1253, 2281. The requisite amount in controversy is challenged, but the object of the suit is to restrain the commission from disbursing approximately $25,000 from the unemployment compensation fund. The disbursements are to be made to numerous persons for sums far less than the jurisdictional amount. But it is the value of the object of the suit which determines the amount in controversy, not the value to the individual beneficiaries. Ronzio v. Denver & R. G. W. R. Co., 10 Cir., 116 F.2d 604; Boesenberg v. Chicago Title & Trust Co., 7 Cir., 128 F.2d 245, 141 A.L.R. 565; Miller v. National City Bank of New York, 2 Cir., 147 F.2d 798.

The facts pertinent to the constitutional issue are that the respondents here are former employees of the petitioner, Aero Design & Engineering Co., who

have been awarded benefits under the Oklahoma Security Act after double affirmation under Section 216. Before disbursements of the benefits by the Commission, petitioner enjoined the payments by an injunction in the Oklahoma County District Court, apparently on the grounds that the payment of the benefits pending judicial review amounted to a deprivation of the petitioner's property without due process of law. In an original action in the Oklahoma Supreme Court for a writ of prohibition to the judge of the trial court issuing the injunction, the State Supreme Court specifically held that the payment of the benefits under Section 216(e) pending judicial review did not deprive the petitioner company or those similarly situated of their property without due process of law. See Abraham v. Van Meter, Okl., 303 P.2d 434.

The decision of the Oklahoma court is interposed as res judicata of the issues presented here. The petitioner secured the injunction in the state District Court for its own benefit. It appeared in the Supreme Court as counsel for the respondent trial judge and participated in the litigation throughout. Some of the parties appearing amicus curiae here also appeared in the same capacity in the Supreme Court asserting the same interest as contributors to the Oklahoma unemployment compensation fund.

It is firmly established that "a judgment recovered in an action is res judicata or conclusive, as to the issues adjudicated therein, in favor of or against a person, who, though not an actual party to the record in that action, prosecuted the action or the defense thereto, on behalf of a party, or assisted the latter or participated with him in the prosecution of such action or its defense, if the same issue should be raised again in a subsequent action between him and the adversary of the party to whom his assistance was given or with whom he cooperated." See Annotation, 139 A.L.R. 9, 12, following Caterpillar Tractor Co. v. International Harvester Co., 3 Cir., 120 F.2d 82, 139 A.L.R. 1.

The petitioner and those appearing amicus curiae were undoubtedly the real parties in interest in the litigation. The injunctive order was secured on their petition in their behalf and for their benefit. The trial judge was only a nominal party with no direct interest in the outcome of the litigation; as the real party in interest, the petitioner defended the extraordinary proceedings in the Supreme Court directed to the trial judge, participating at every step of the proceedings, and was undoubtedly bound by the decisions which dissolved the injunction and in effect ordered the payment of the benefits. At first blush, it would seem therefore that the state court proceedings are conclusive of the same issues presented here and we should not hesitate to apply the salutary doctrine intended to insure one full day in court, but no more. But here, a federal constitutional question is presented of which the Supreme Court of the United States is the final judge. A full day in court contemplates as a part of the judicial process a right to be heard in the court of last resort on the constitutional question. That right was not accorded or afforded in the state court proceedings for the simple reason that the state trial judge, being only a nominal party, had no right of appeal from the judgment of his superiors, and the petitioner here, not being a party to the record, was likewise denied a right of appeal. County Court of Braxton County v. State of West Virginia, 208 U.S. 192, 28 S.Ct. 275, 52 L.Ed. 450; United States ex rel. State of Louisiana v. Jack, 244 U.S. 397, 37 S.Ct. 605, 61 L.Ed. 1222. It follows that the bar of res judicata usually applied in situations of this kind should be withheld.

The capacity or standing of the petitioner to maintain this suit is also challenged for lack of a litigable interest in the fund about to be disbursed. The contributions of the employers are said to create a public or quasi public fund for the benefit, which, while held for the account of the respective contributors, is maintained for the benefit of unemployed

employees found entitled thereto; that the employer-contributors have no property right or interest in the fund, the deprivation of which would amount to a denial of due process of law. Of course the content or the nature of the employer-contributor's property interest in the fund is a matter of state law. But the question whether the deprivation or invasion of that state determined right amounts to a deprivation of due process of law prohibited by the Fourteenth Amendment is a question of federal law on which the federal decisions are controlling. Employer-contributors to the unemployment compensation funds under the provisions of uniform employment security acts have been held to be proper parties-plaintiff to contest the right of the commission to disburse unemployment benefits to former employees of employer-contributors pending judicial review of the administrative determination of the right to benefits in the states of Michigan, Indiana, Iowa and Pennsylvania. In Michigan and Pennsylvania, the capacity to maintain the suit on constitutional grounds was sustained as a contributor and therefore a taxpayer and because the contributors' "own reserve account will be charged with the payment of any unemployment benefits that are made and its present contribution rate thereby jeopardized." Pennsylvania State Chamber of Commerce v. Torquato, 386 Pa. 306, 125 A.2d 755, 759. And see also Chrysler Corp. v. Appeal Board of Michigan Unemployment Compensation Commission, 301 Mich. 351, 3 N.W.2d 302; State ex rel. Campbell v. State, 223 Ind. 59, 57 N.E.2d 433; Dallas Fuel Co. v. Horne, 230 Iowa 1148, 300 N.W. 303. Those states also deny the constitutional power of the legislatures to provide for the payment of the benefits pending judicial review and without supersedeas.

But, in the Abraham case, the Supreme Court of Oklahoma deliberately and specifically declined to accept the views of the courts which have sustained the employer's standing to sue and its constitutional right to supersedeas. In that case, the employers, including this petitioner, took the position that as employers and contributors to the unemployment compensation fund, they had a property right in it and an interest in seeing that it was used only for lawful purposes. The employer-contributors contended that inasmuch as the contribution rate of all employer-contributors to the fund was determined in a large measure by the prescribed state experience factor, and that such state experience factor was determined by the amount of benefits paid to employees, any increase in the benefits paid to such employees would tend to increase the state experience factor with consequent increases in their rate of contribution to the fund.

These issues were settled to the satisfaction of the Oklahoma court by the California case Abelleira v. District Court of Appeal, 17 Cal.2d 280, 109 P.2d 942, 132 A.L.R. 715. In that case, the California court held that the comparable California unemployment insurance act, West's Ann.Unemployment Insurance Code, § 1 et seq. fulfills "every requisite of due process of law." Drawing a distinction between the Chamber of Commerce case in Pennsylvania, where capacity to sue was sustained, and the Abelleira case in California, where it had apparently been denied, the Oklahoma Court quoted from the California case, which pointed out that in the event "any payments of benefits are found to be erroneous the particular employer's account shall not be charged with them. This being so, it is not clear how his contributions can be increased by the payments, since the factors determining the rate is made inapplicable in such event." [303 P.2d 439.] The Oklahoma court was thus of the view that the similar provisions in the Oklahoma Act operated to deny the employer a litigable right in the disbursement of the fund pending judicial review. But it did not stop there. It went on to say that the unemployment insurance fund did not suffer any ultimate loss or depletion indiscriminately in all cases by reason of

the payment pending judicial review, because of the recovery and recoupment provisions in the Act, wherein the Commission is empowered to recover or recoup losses judicially determined to have been erroneously paid. The Oklahoma court thought this was another demonstrable distinction between its case and the Pennsylvania case where it was conceded that if the unemployment benefits were made to the claimants, they would never be recovered, and the insurance fund would be depleted to the extent thereof with irreparable harm unless a supersedeas or injunction was granted.

■ It thus becomes undeniably plain that under Oklahoma law, the employer-contributors to the compensation fund have no property right or interest in the fund, the deprivation of which would amount to a denial of due process of law. And, this view finds support in Gange Lumber Co. v. Rowley, 326 U.S. 295, 66 S.Ct. 125, 90 L.Ed. 85, where the court held that employer-contributors to an industrial accident fund under Washington's Industrial Insurance Act, Rem. Rev.Stat. § 7673 et seq., based upon individual and class experience cost factors had no vested interest in such fund which would entitle them to assert a constitutional right therein. Specifically, the court did not think that the prospective increase in the contributions based upon increased cost factors was the proper subject of protection under the due process clause of the Fourteenth Amendment.

In view of the Oklahoma law, we are constrained to hold that the petitioners have no property or litigable interest in the Oklahoma unemployment compensation fund capable of constitutional protection, and the suit is dismissed.