SMITH v. INDIANA.

ERROR TO THE SUPREME COURT OF THE STATE OF INDIANA.

No. 81.   Argued October 22, 23, 1903.—Decided November 16, 1903.

The extent of the power of a public officer to question the constitutionality of a state statute as an excuse for refusing to enforce it is purely a local question. *Huntington v. Worthen*, 120 U. S. 101.

The jurisdiction of this court can only be invoked by a party having a personal interest in the litigation.

Where a public officer of a State who has no interest in the controversy except as such officer tests the constitutionality of a state statute purely in the interests of third parties, by a suit in the state courts and a judgment has been rendered against him by the highest court of the State, a writ of error from this court to revise such judgment will not lie.

The fact that costs were rendered against him personally in the State court will not give this court jurisdiction in such case.

THIS was a petition filed in the Circuit Court of Marion County by the State, upon the relation of Martha and Benjamin Lewis, against the auditor of Marion County for a writ of mandamus to compel the defendant, in his official capacity, to allow an exemption of a mortgage of $500 upon a lot of land in Indianapolis owned by the relators, and that the same be deducted from the value of such lot.

The petition was based upon an act passed by the General Assembly March 4, 1899, the first section of which declares: "That any person being the owner of real estate liable for taxation within the State of Indiana, and being indebted in any sum, secured by mortgage upon real estate, may have the amount of such mortgage indebtedness, not exceeding seven hundred dollars, existing and unpaid upon the first day of

April of any year, deducted from the assessed valuation of mortgage premises for that year, and the amount of such valuation remaining after such deduction shall have been made shall form the basis for assessment and taxation for said real estate for said year."

An alternative writ having been issued, defendant interposed a general demurrer, which was sustained by the court, and the relators declining to plead further, judgment was entered against them.

Upon appeal to the Supreme Court, the action of the court below was reversed, the law held to be constitutional and the cause remanded. 158 Indiana, 543. Thereupon the defendant made formal return to the writ alleging the unconstitutionality of the act, both under the State and Federal Constitutions, to which relators demurred. The demurrer was sustained, and a judgment entered for a peremptory mandamus commanding the defendant to allow the exemption, and to deduct from the assessed valuation of the real estate the amount of the mortgage, $500, and also that relators recover from the defendant their costs, which, however, appear never to have been taxed. This judgment was subsequently affirmed by the Supreme Court upon the authority of its opinion upon the previous appeal, and a writ of error sued out from this court.

*Mr. Horace E. Smith,* with whom *Mr. Roscoe O. Hawkins* was on the brief, for plaintiff in error:

There is a Federal question; the Constitution of the United States guarantees to each and every citizen the equal protection of the laws, and prohibits any State from making or enforcing any law which shall abridge the privileges or immunities of citizens of the United States, or which deprives them of life, liberty or property, without due process of law, or which denies to any citizen within its jurisdiction the equal protection of the law. 14th Amendment, U. S. Const.

This provision applies to and covers all questions of unequal taxation. *Railroad Tax Cases,* 13 Fed. Rep. 722, 732; *Nash-*

*ville, etc., Ry.* v. *Taylor,* 86 Fed. Rep. 168, 179; *Railroad and Telephone Cos.* v. *Board,* 85 Fed. Rep. 302, 303, 317; *Fraser* v. *McConway,* 82 Fed. Rep. 257; *Davenport* v. *Cloverport,* 72 Fed. Rep. 689; *Myers* v. *Shields,* 61 Fed. Rep. 713.

The laws require, therefore: 1. That the General Assembly shall provide a law for assessment and taxation; 2. That the law must provide for a uniform and equal rate of assessment and taxation; 3. That such law shall prescribe such regulations as shall secure a just valuation, for taxation, for all property, both real and personal; 4. Excepting such only for (*a*) municipal, (*b*) educational, (*c*) literary, (*d*) scientific, (*e*) religious, or (*f*) charitable purposes, as may be exempted by law, but the provision in the Constitution that "all property, both real and personal," shall be taxed, precludes exemption by the Legislature of any property from taxation. *Indianapolis* v. *Sturdevant,* 24 Indiana, 391; 25 Am. & Eng. Enc. Law, p. 156, note; *Memphis, etc., Ry. Co.* v. *Gaines,* 97 U. S. 697; *Trustees M. E. Church* v. *Ellis,* 38 Indiana, 3; *Memphis, etc., Ry. Co.* v. *Gaines,* 3 Tenn. Ch. 604; *Ellis* v. *Louisville Ry. Co.,* 8 Baxt. Tenn. 530; *State* v. *Hannibal, etc., Ry.,* 75 Missouri, 208; *New Orleans* v. *Lafayette Ins. Co.,* 28 La. Ann. 756; *Chattanooga* v. *Nashville, etc., Ry. Co.,* Lea, Tenn. 651.

If the constitutional provision by its terms permits exemption, then, within the limits of its provisions, exemptions may be made by law, by the Legislature, but no exemption can be made outside of the limits specified. *State ex rel. Tieman* v. *Indianapolis,* 69 Indiana, 375; *Chesapeake, etc., Ry. Co.* v. *Miller,* 19 W. Va. 408; *Hogg* v. *Mackay,* 23 Oregon, 339; 31 Pac. Rep. 779; 19 L. R. A. 77.

Any law exempting either persons or property must be strictly construed and it has been settled that this provision must be so construed. *Trustees M. E. Church* v. *Ellis,* 38 Indiana, 3, 8; *Read* v. *Yeager,* 104 Indiana, 195; *Conklin* v. *Cambridge,* 58 Indiana, 130; *City of South Bend* v. *University,* 69 Indiana, 344; *State ex rel.* v. *City of Indianapolis,* 69 Indiana, 375; *Warner* v. *Curran,* 75 Indiana, 309; *Orr* v. *Baker,* 4

Indiana, 86.; *Indianapolis* v. *McLean,* 8 Indiana, 328; *Indianapolis* v. *Grand Lodge,* 25 Indiana, 518, 521; 25 Am. & Eng. Enc. Law, p. 157. The burden is also on him who claims the exemption, 25 Am. & Eng. Enc. Law, p. 159, and his pleading must set out the facts that exempt him. *Cairo, etc., Ry. Co.* v. *Parks,* 32 Arkansas, 131; *Appeal Tax Cases* v. *Rice,* 50 Maryland, 302, 312. The test in every instance of exemption is the use. *Travelers Ins. Co.* v. *Kent,* 151 Indiana, 349, 353; *State ex rel. Tieman* v. *Indianapolis,* 69 Indiana, 375; 25 Am. & Eng. Enc. Law, pp. 166, note, 167, 168.

The act violates both the Constitution of the State of Indiana and the Fourteenth Amendment: 1. The lack of constitutional uniformity and equality in the rate of assessment and taxation; 2. It is a special law for the assessment of taxes for state, county, township and road purposes; 3. It grants to one class of citizens privileges and immunities which, upon the same terms, will not equally apply to all citizens; 4. It exempts from taxation realty not held for municipal, educational, literary, scientific, religious or charitable purposes.

This method of valuation is illegal and in violation of the Constitution and rules laid down by the courts. Cooley's Const. Lim (6th ed.) 608; 2 Kent Com. 231; *Bright* v. *McCulloch,* 27 Indiana, 223; *Cleveland, etc., R. R. Co.* v. *Backus,* 133 Indiana, 513; *Willis* v. *Crowder,* 134 Indiana, 515.

The law is special and violative of sec. 2, art. IV, of the state constitution as it discriminates against unincumbered real estate. There is no separate estate in lands mortgaged created by the mortgage. A mortgage conveys no estate in the lands mortgaged, but simply creates a lien. Sec. 1099, Burns, 1901; *Reasoner* v. *Edmunson,* 5 Indiana, 393; *Francis* v. *Porter,* 7 Indiana, 213; *Norton* v. *Noble,* 22 Indiana, 160; *Grable* v. *McCulloh,* 27 Indiana, 472; *Fletcher* v. *Holmes,* 32 Indiana, 497.

The mortgagee class are favored to the exclusion of other debtors and this is condemned by the Constitution. *Washington University* v. *Rouse,* 8 Wall. 444; *Knowlton* v. *Supervisors of Rock Co.,* 9 Wisconsin, 421; *Van Riper* v. *Pearson,* 40

N. J. L. 1, 9; *State* v. *Hammar*, 42 N. J. L. 435, 440; *Randolph* v. *Wood*, 49 N. J. L. 85; *Lippman* v. *The People*, 175 Illinois, 101, 106; *Ex parte Jentzsch*, 32 L. R. A. 664, 665; *Darcy* v. *San José*, 104 California, 642; *Pasadena* v. *Stimson*, 91 California, 238; Cooley's Const. Lim. 393, 395; *Bank of the State* v. *Cooper*, 2 Yerg. 599; *Officer* v. *Young*, 5 Yerg. 320; *Griffin* v. *Cunningham*, 20 Grat. 31; *Arnold* v. *Kelley*, 5 W. Va. 446; *Lewis* v. *Webb*, 3 Greenl. 326; *State* v. *Ellet*, 47 Ohio St. 90; *State* v. *Hinman*, 65 N. H. 103; *State* v. *Sheriff*, 48 Minnesota, 236; *Hogg* v. *Mackay*, 23 Oregon, 339; *State* v. *Gardner*, 58 Ohio St. 599; *Hores* v. *Sheridan*, 137 Indiana, 128, distinguished.

The effect of the act is to exempt from taxation, property not coming within the classes privileged by the state constitution.

Any law which indirectly produces an exemption is void. That cannot be accomplished indirectly which the Constitution declares shall not be done directly. *Huntington* v. *Worthen*, 120 U. S. 97.

The question at issue has already been decided. *State* v. *Indianapolis*, 69 Indiana, 367; *Warner* v. *Curran*, 75 Indiana, 309; *People* v. *Eddy*, 43 California, 431; *S. C.*, 13 Am. Rep. 143; *Hogg* v. *Mackay*, 19 L. R. A. 177; *S. C.*, 31 Pac. Rep. 779. For cases as to absolute inhibition against exemptions not specifically enumerated, see *Huntington* v. *Worthen*, 120 U. S. 97; *Crawford* v. *Linn Co.*, 11 Oregon, 494; *Chesapeake & O. R. R. Co.* v. *Miller*, 19 W. Va. 408; *Zanesville* v. *Richards*, 5 Ohio St. 589; *People* v. *McCreery*, 34 California, 432; *Fletcher* v. *Oliver*, 25 Arkansas, 289; *Nashville & K. R. R. Co.* v. *Wilson Co.*, 89 Tennessee, 597; *Barber* v. *Louisville Board of Trade*, 82 Kentucky, 645; *Jones* v. *Mayor*, 25 Arkansas, 289; *Life Association* v. *Board of Assessors*, 49 Missouri, 512. The state cannot tax mortgages held by non-residents at the locus of the mortgaged property. Such debts must be taxed where the holder resides. *Murray* v. *Charleston*, 96 U. S. 432; *State* v. *Earl*, 1 Nevada, 397; *Myers* v. *Seaberger*, 45 Ohio St. 232; *Arapahoe Co. Comrs.* v. *Cutter*, 3 Colorado, 350; *People* v. *Eastman*, 25 California, 621; *State* v. *Lantz*, 53 Maryland, 578.

A debt, for purposes of taxation, is situated at the domicile of the creditor, although secured by mortgage upon real estate situated in another State. This is the general rule. *Ex parte Clark*, 100 U. S. 401; *State Tax on Foreign Held Bonds*, 82 U. S. 15; *Eells* v. *Holder*, 12 Fed. Rep. 668; *San Francis* v. *Mackey*, 22 Fed. Rep. 602; Cooley on Taxation, 21, 22, 63; 1 Desty on Taxation, p. 62; *Foresman* v. *Byrnes*, 68 Indiana, 247; *Senour, Treas.*, v. *Ruth*, 140 Indiana, 318; *Baltimore* v. *Hussey*, 67 Maryland, 112; *State* v. *Vansyckle*, 49 N. J. L. 366; *State* v. *Darcy*, 2 L. R. A. 350; 51 N. J. L. 140; *Bradley* v. *Bauder*, 36 Ohio St. 28; *Grant* v. *Jones*, 39 Ohio St. 506; *Worthington* v. *Sebastain*, 25 Ohio St. 1; *Holland* v. *Comrs., etc.*, 27 L. R. A. 797; *St. Paul* v. *Merritt*, 7 Minnesota, 258; *Liverpool, etc.*, v. *Board*, 44 La. Ann. 760; *Goldgart* v. *People*, 106 Illinois, 25; *People* v. *Eastman*, 25 California, 603; *People* v. *Smith*, 88 N. Y. 577; *Territory* v. *Del. Tax List*, 24 Pac. Rep. 182 (Arizona); *Comm.* v. *R. R. Co.*, 27 Gratt. 344; *Holland* v. *Commissioners*, 27 L. R. A. 797; *Detroit* v. *Board of Assessors*, 91 Michigan, 78, distinguished.

The Indiana exemption and deduction statute differs from other exemption statutes in that it deducts a fixed amount for debts. For statutes of other states see Conn. R. S. 1888, § 3854; New Jersey Rev. St. vol. 3, 3298; New York, Birdseye's R. S. 2d ed. Tax Law, vol. 3, 3094; Michigan, Acts of 1893, p. 288; Illinois, Starr & Curtis, An. Stat. 1896, ch. 120, § 27; Iowa, Code, 1897; Oregon, An. Stats. 2d ed., 1892, § 2752; Kansas, Stats. 1899, § 7165; Minnesota, Stats. 1894, § 1526; Nebraska, Stats. 1901, § 4308; Nor. Dakota Stats. 1887, § 1543, clause 6; So. Dakota, R. S. 1896, § 2135; California, Deering's An. Codes & Stats. 1885, § 3650; Washington, Ballinger's An. Codes & Stats. 1897, § 1657.

As to Indiana, see § 6332, Rev. St. 1881, for old act held constitutional in *Florer* v. *Sheridan*, 137 Indiana, 28, and new act of 1891, pp. 199–291. Indiana does not make mortgages realty for purposes of taxation as Oregon does and this distinguishes *Savings &c. Assn.* v. *Multonomah County*, 169 U. S. 421;

*Crawford* v. *Linn County*, 110 Oregon, 482, and other cases on defendant in error's brief.

The granting of the deduction is the equivalent of giving of a credit for so much tax or the drawing of a warrant and whether the officer has a personal interest in the question, or if the nature of the office is such as to require him to raise it, he may make defense and it is his duty to do so. *Denman* v. *Broderick*, 111 California, 97; *Norman* v. *State Board*, 93 Kentucky, 537; *Von Schmidt* v. *Wilbur*, 105 California, 151; *Smith* v. *Broderick*, 107 California, 644.

Upon the question of whether a ministerial officer can defend a mandamus case on the ground of the unconstitutionality of a law the cases are in irreconcilable conflict. 19 Enc. Law, p. 764. It is always a question of the particular case. *People ex rel.* v. *Salomon*, 54 Illinois, 39, is not a mandamus case at all, but a case involving a contempt proceeding. But, admitting it so holds, yet in *People* v. *Salomon*, 46 Illinois, 333; *People* v. *Miner*, 46 Illinois, 384; *Madison Co.* v. *People*, 58 Illinois, 456; *People* v. *Thompson*, 155 Illinois, 451, exactly the opposite doctrine was held.

*Franklin Co.* v. *State ex rel.*, 24 Florida, 55, is exactly contrary to *McConihe* v. *State*, 17 Florida, 238, and *State* v. *Hooker*, 36 Florida, 358. The State cites twelve cases from eight States, but of these eight States five have also decided the same question the other way; these are Louisiana, Illinois, Nebraska, West Virginia and Florida. The Illinois and Florida cases are cited above. The others are: *State* v. *New Orleans*, 42 La. Ann. 92; *State* v. *Judge*, 5 La. Ann. 756; *State* v. *Moore*, 40 Nebraska, 854; *State* v. *Wyoming Co.*, 47 W. Va. 672. But arrayed against this doctrine are some sixteen state and Federal court decisions in the following cases: *Hoover* v. *McChesney*, 81 Fed. Rep. 483; *Huntington* v. *Worthen*, 120 U. S. 97, 101; *State* v. *Stout*, 61 Indiana, 143; *Denman* v. *Broderick*, 111 California, 97; *Bradenburg* v. *Hoke*, 101 California, 101; *Smith* v. *Judge*, 17 California, 547; *Patly* v. *Colgan*, 97 California, 251; *Maynard* v. *Board*, 84 Michigan, 226; *Public Schools* v. *Allegheny Co.*, 20 Maryland,

449; *State* v. *Baltimore Co.*, 29 Maryland, 516; *Police Coroners* v. *Louisville*, 3 Bush (Ky.), 597; *Auditor* v. *Haycraft*, 14 Bush (Ky.), 384; *State* v. *Medaris*, 1 Kansas, 90; *Savannah* v. *State*, 4 Georgia, 26; *State* v. *Mason*, 153 Missouri, 23; *State* v. *Mc-Kenney*, 5 Nevada, 194; *Humboldt Co.* v. *Churchill*, 6 Nevada, 30; *Pell* v. *Newark*, 40 N. J. L. 71; *Lakewood Tp.* v. *Brick Tp.*, 55 N. J. L. 275; *Peafle* v. *State Board &c.*, 129 N. Y. 360; *McDermott* v. *Dennie*, 6 N. Dak. 278; *State* v. *Mitchell*, 31 Ohio St. 592; *State* v. *Whitworth*, 8 Lea (Tenn.), 594; *Williams* v. *Taylor*, 83 Texas, 670; *State* v. *Saux Co.*, 62 Wisconsin, 376.

The true doctrine is that every case stands upon its own facts. Here the auditor, a public officer, is in the attitude of defending the public revenue against dissipation and unlawful credit under an unconstitutional law. This is a case where the auditor not only may but must defend, and upon this very ground.

*Mr. Cassius C. Hadley*, with whom *Mr. Charles W. Miller*, Attorney General of the State of Indiana, *Mr. L. G. Rothschild* and *Mr. William C. Geake*, were on the brief, for defendant in error:

The decisions of the highest state court on state constitution and statutes are controlling in the Supreme Court of the United States. The only question in this court is whether the statute conflicts with the Federal constitution. *West River Bridge Co.* v. *Dix*, 6 How. 507; *Bucher* v. *Cheshire Railroad*, 125 U. S. 555; *Bell's Gap Railroad* v. *Pennsylvania*, 134 U. S. 232; *Lewis* v. *Monson*, 151 U. S. 545; *Adams Express Co.* v. *Ohio*, 165 U. S. 194; *Long Island Water Supply Co.* v. *Brooklyn*, 166 U. S. 685; *Merchants Bank* v. *Pennsylvania*, 167 U. S. 461; *Rasmussen* v. *Idaho*, 181 U. S. 198; *Williams* v. *Parker*, 188 U. S. 491.

No question is presented for the determination of this court.

This court will not listen to objections made to the constitutionality of a statute by a party whose rights it does not

affect, and who has no interest in defeating it.    Cooley's Const. Lim. 6th ed. 196; *Clark* v. *Kansas City*, 176 U. S. 114; *Red River Valley Bank* v. *Craig*, 181 U. S. 548; *Supervisors* v. *Stanley*, 105 U. S. 305; *Lampasas* v. *Bell*, 180 U. S. 276; *McNulta* v. *Lochridge*, 141 U. S. 327; *Ludeling* v. *Chaffe*, 143 U. S. 301; *Giles* v. *Little*, 134 U. S. 645; *Jones* v. *Black*, 48 Alabama, 540; *Dejarnette* v. *Haynes*, 23 Mississippi, 600; *Dorman* v. *State*, 34 Alabama, 216, 249.    In order to give this court jurisdiction to review a judgment of a state court against a title or right set up or claimed under a statute of, or an authority exercised under, the United States, that title or right must be one of the plaintiff in error, and not of a third person only.    *Owings* v. *Norwood*, 5 Cranch, 344; *Montgomery* v. *Hernandez*, 12 Wheat. 129, 132; *Henderson* v. *Tennessee*, 10 How. 311; *Hale* v. *Gaines*, 22 How. 144, 160; *Long* v. *Converse*, 91 U. S. 105, and see as to state courts, *Wellington, Petitioner*, 16 Pick. 87; *Gustavel* v. *State*, 153 Indiana, 613; *City of Kansas City* v. *Union Pac. Ry. Co.*, 59 Kansas, 427.

Plaintiff in error, therefore, has no right to prosecute his writ of error in this court, since he does not show that he has any just cause for complaint.

A ministerial officer cannot adjudge a law unconstitutional on the ground that it may affect the rights of others, and refuse to perform his plain duties thereunder, and excuse himself by attacking the constitutionality of the act.    *Commissioners* v. *Franklin County*, 24 Florida, 55, 63; *State* v. *Shakespeare*, 41 La. Ann. 156; *Bassett* v. *Barbin*, 11 La. Ann. 672; *Steele* v. *Auditor*, 47 La. Ann. 1676, 1696; *State* v. *Stevenson*, 18 Nebraska, 416, 421; *State* v. *Douglas County*, 18 Nebraska, 506; *Smyth* v. *Titcomb*, 31 Maine, 272, 286; *Tremont School District* v. *Clark*, 33 Maine, 82; *Wright* v. *Kelly*, 43 Pac. (Idaho) 565; *State* v. *Buchanan*, 24 W. Va. 362, 383; *Thoreson* v. *Examiners*, 19 Utah, 18, 31.

Plaintiff in error has no standing in this court, and has no right to invoke the power of this court to aid him in refusing to obey the law enacted by the legislature, and decreed by the

highest judicial body of his state to be a valid law for his guidance and authority.

The only question before this court is whether said act is repugnant to the Fourteenth Amendment of the Federal constitution, and it is clear that it does not abridge the privileges or immunities of citizens of the United States, or deprive any person of life, liberty or property without due process of law, or deny to any person within its jurisdiction the equal protection of the law.

The State may distinguish, select and classify objects of legislation, and necessarily this power must have a wide range of discretion. *Magoun* v. *Illinois Trust & S. Bank,* 170 U. S. 283, 292; *Kentucky R. R. Tax Cases,* 115 U. S. 321, 337; *Railway Co.* v. *Mackey,* 127 U. S. 205; *Railway Co.* v. *Beckwith,* 129 U. S. 26; *Railway Co.* v. *Herrick,* 127 U. S. 210; *Duncan* v. *Missouri,* 152 U. S. 377; *Bell's Gap R. Co.* v. *Pennsylvania,* 134 U. S. 232; *Pacific Exp. Co.* v. *Seibert,* 142 U. S. 339, 351. The act does not violate the constitutional rule of uniformity. *Edwards* v. *People,* 88 Illinois, 340, 347; *People* v. *Barker,* 155 N. Y. 330, 342; *S. C.,* 49 N. E. Rep. 940.

As to uniformity the state court said that the act in question purports to be a law that is uniform throughout the State, and, as it permits all persons to take advantage of it when their circumstances bring them within its operation, it does not violate that requirement of the constitution. *Cleveland, etc., R. Co.* v. *Backus,* 133 Indiana, 513; 18 L. R. A. 729; *Pittsburgh, etc., R. Co.* v. *Backus,* 133 Indiana, 625; *Gilson* v. *Board, etc.,* 128 Indiana, 65; 11 L. R. A. 835.

As to the exact nature of the obligation and liability of taxes, see *Thompson* v. *McCorkle,* 136 Indiana, 484, 501; Blackwell on Tax Titles, 3d ed. 547; §§ 8431, 8571, 8590, 8591, 8603; Burn's R. S. 190; *Abbott* v. *Edgerton,* 53 Indiana, 196.

Mortgages are defeasible sales, they are more than mere liens. *Savings Bank* v. *Multonomah County,* 169 U. S. 421, 428, 429.

MR. JUSTICE BROWN, after making the foregoing statement, delivered the opinion of the court.

The constitutionality of the exemption law of Indiana was apparently the only question raised by the parties. It was argued elaborately, both in the Circuit and Supreme Court of the State, and was finally affirmed by a majority of the latter court. The power of the county auditor, who is charged by law with the duty of making the assessment, to refuse to allow the relators their exemption upon the ground of the unconstitutionality of the act, does not appear to have been raised in the state courts, and is not noticed in either opinion of the Supreme Court. In fact, the celerity of the proceedings and the admissions of counsel indicate that the suit was begun and carried on for the purpose of testing the constitutionality of the law, and that the litigation was at least not an unfriendly one.

We have no doubt of the power of state courts to assume jurisdiction of the case if they choose to do so, although there are many authorities to the effect that a ministerial officer, charged by law with the duty of enforcing a certain statute, cannot refuse to perform his plain duty thereunder upon the ground that in his opinion it is repugnant to the Constitution. It is but just to say, however, that the power of a public officer to question the constitutionality of a statute as an excuse for refusing to enforce it has often been assumed, and sometimes directly decided, to exist. In any event, it is a purely local question, and seems to have been so treated by this court in *Huntington* v. *Worthen*, 120 U. S. 97, 101.

Different considerations, however, apply to the jurisdiction of this court, which we have recently held can only be invoked by a party having a personal interest in the litigation. It follows that he cannot sue out a writ of error in behalf of third persons. *Tyler* v. *Judges of Court of Registration*, 179 U. S. 405; *Clark* v. *Kansas City*, 176 U. S. 114; *Turpin* v. *Lemon*, 187 U. S. 51; *Lampasas* v. *Bell*, 180 U. S. 276; *Ludeling* v. *Chaffe*, 143 U. S. 301; *Giles* v. *Little*, 134 U. S. 645. These authorities

control the present case. It is evident that the auditor had no personal interest in the litigation. He had certain duties as a public officer to perform. The performance of those duties was of no personal benefit to him. Their non-performance was equally so. He neither gained nor lost anything by invoking the advice of the Supreme Court as to the proper action he should take. He was testing the constitutionality of the law purely in the interest of third persons, viz., the taxpayers, and in this particular the case is analogous to that of *Caffrey* v. *Oklahoma,* 177 U. S. 346. We think the interest of an appellant in this court should be a personal and not an official interest, and that the defendant, having sought the advice of the courts of his own State in his official capacity, should be content to abide by their decision.

It is true there seems to have been a personal judgment in form against the defendant for costs, the amount of which, however, has never been taxed, and when taxed and paid would probably be reimbursed to him. It was formerly held, under the practice which disqualified interested witnesses, that a liability for costs was sufficient to render a witness incompetent. 1 Greenl. Ev. secs. 401, 402. But it seems to be well settled that even if the fact that costs are awarded against a party, gives him an appealable interest, of which there appears to be considerable doubt, *Travis* v. *Waters,* 12 Johns. 500; *Reid* v. *Vanderheyden,* 5 Cow. 719, 736, it does not give him an appealable interest in the judgment upon the merits, but limits him to the mere question of costs. *Studabaker* v. *Markley,* 7 Ind. App. 368; *Hone* v. *Schaick,* 7 Paige, 221; *Card* v. *Bird,* 10 Paige, 426; *Cuyler* v. *Moreland,* 6 Paige, 273. If plaintiff in error objected to this judgment for costs he might have moved to modify it in that particular. Not having done so, his appeal is presumptively from the judgment on the merits, *American Ins. Co.* v. *Gibson,* 104 Indiana, 336, 342, and as his individual rights were not affected by such judgment, he is not entitled to an appeal.

The fact that the various statutes fixing the jurisdiction of

the Circuit Courts of the United States, and of this court, which from the original Judiciary Act of 1789 have, where the amount involved was made the test of jurisdiction, uniformly used the words "exclusive of costs," would indicate, so far as the Federal courts are concerned, that a mere judgment for costs could not ordinarily be made the basis of an appeal to this court.

For the reasons above given, the appellant did not have the requisite interest to maintain this appeal, and it is therefore

*Dismissed.*

MR. JUSTICE HARLAN and MR. JUSTICE WHITE are of opinion that the plaintiff in error was entitled to prosecute the present writ, and that the court should determine the case upon its merits.