NEW YORK, PHILADELPHIA & NORFOLK TELE-
GRAPH COMPANY *v.* DOLAN, COLLECTOR OF
TAXES FOR THE SOUTHERN DISTRICT OF
THE CITY OF WILMINGTON.

ERROR TO THE SUPREME COURT OF THE STATE OF DELAWARE.

No. 275.   Argued May 2, 1924.—Decided May 12, 1924.

The charter of Wilmington, Delaware, provides for the assessment for taxation of telegraph lines in the city at not less than $6,600 nor more than $7,300 for each mile of the streets used, the rate of tax being the same as in other cases. *Held,* not a property but a privilege tax, within the power of the State as applied to a local corporation, and not repugnant to the due process or equal protection clauses of the Fourteenth Amendment.   P. 97.

121 Atl. 18, affirmed.

ERROR to a judgment of the Supreme Court of Delaware affirming a recovery by a tax collector in an action to collect a tax.

*Mr. Overton Harris* and *Mr. Horace Greeley Eastburn* for plaintiff in error.

*Mr. Caleb S. Layton,* with whom *Mr. James R. Morford* was on the brief, for defendant in error.

Mr. Justice Holmes delivered the opinion of the Court.

This is a suit brought by the collector of taxes, the defendant in error, to recover taxes due to the City of Wilmington for the years 1913 to and through 1918. The defendant Telegraph Company, the plaintiff in error, demurred to the declaration on the ground that the statute imposing the taxes deprived it of its property without due process of law and denied to it the equal protection of the laws, contrary to the Fourteenth Amendment of the Constitution of the United States. The demurrer was overruled and judgment was rendered for the plaintiff by the Superior Court and the judgment was affirmed by the Supreme Court of the State. 121 Atl. 18.

The statute in question is an Act of April 7, 1913, amending § 80 of the charter of the City of Wilmington. Laws 1913, c. 205. It authorizes an assessment of telegraph lines in the city at not less than six thousand six hundred dollars and not more than seven thousand three hundred dollars for each mile of the streets used. The rate of taxation on these sums is the same as that for other taxes and neither that nor the modes of determining the amount between the limits fixed is complained of. But it is argued that this is a property tax upon the company's poles and lines, and that it fixes an arbitrary valuation upon them without giving the Company a chance to be heard at any time before the tax is levied. It is argued further that the Company is denied the equal protection of the laws when it and a few others are sin-

gled out and other Delaware property is valued on the
actual facts.

The State Court met this argument by holding that
the tax was a license or privilege tax and therefore not
open to the objections urged. The Company answers
that this is characterization of the statute, not construc-
tion, and that upon the issue of constitutionality this
Court must determine the nature of the tax for itself and
is not bound by the name given to it below. *St. Louis
Cotton Compress Co.* v. *Arkansas,* 260 U. S. 346, 348.
The proposition is true, but when the State Court after a
candid discussion that manifests no disposition to escape
constitutional limits, has come to the conclusion reached
here, we should be slow to differ from it upon a matter
having so many purely local elements, even if we did not
think it right, as we do. *Clyde* v. *Gilchrist,* 262 U. S.
94, 97.

The Company is a Delaware Corporation and there is
no doubt that the State may impose the present tax if it
has not used a wrong form of words in doing it. It might
impose it as a condition of the grant of the franchise en-
joyed by the corporation. It might authorize Wilmington
to impose it for the privilege of occupying the streets.
The State Court relies mainly on the latter ground. We
shall not repeat the arguments of that Court drawn from
the history of the legislation concerned and the fact that
the last preceding form of this section was admitted to
lay a privilege tax. It is enough to refer to its further
argument that the valuation expressed in the act is not
a valuation of the Company's property, which the Com-
pany says is worth only about $500 a mile, but a valuation
of the privilege granted. The statute does not tax by
the poles, the Company's property, but by the mile, the
measure of occupation of the streets. Underground wires
are worth more and are taxed less. The supposed dis-
crimination is based upon the same grounds. Telegraph

companies occupy the streets with their poles and may be required to pay for it. Therefore we have no need to decide how far the State might go in discouraging some particular activity, if so minded, by taxes as well as by penalties. *Hammond Packing Co.* v. *Montana*, 233 U. S. 331. Neither shall we consider how far a legislature may go when it deals with specified lands. *Valley Farms Co.* v. *Westchester*, 261 U. S. 155.

*Judgment affirmed.*