COMMISSIONER OF CORPORATIONS AND TAXATION *vs.*
ASSESSORS OF SPRINGFIELD.

Suffolk.    May 6, 1953. — September 14, 1953.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Moot Question.    Taxation,* Telephone company, Telegraph company.
*Statute,* Construction.

An appeal to the Appellate Tax Board under G. L. (Ter. Ed.) c. 59, § 39, as amended, by assessors from the valuation of property of telephone and telegraph companies made by the commissioner of corporations and taxation for the year 1952 under that section must be dismissed on the ground of mootness where the decision by the board on such appeal was deferred until after December 1 in that year, when it was too late for the companies to apply to the commissioner for an abatement under § 73, as amended. [434–435]

Sections 39 and 73, as amended, of G. L. (Ter. Ed.) c. 59, companion sections originally enacted together as §§ 1 and 5 of St. 1915, c. 137, are still to be read together notwithstanding their present positions in different parts of c. 59, and are to be construed in the light of their history and of the purposes for which they were enacted. [436]

APPEALS from a decision by the Appellate Tax Board and from its denial of a motion to dismiss.

In this court the case was submitted on briefs.

*H. William Radovsky*, Special Counsel, for the commissioner of corporations and taxation.

*Charles D. Sloan*, City Solicitor, for the assessors of Springfield.

QUA, C.J. We are unable to discover anything in this appeal that has not been decided in the previous litigation relating to the assessment of property of telephone and telegraph companies in the city of Springfield. *Commissioner of Corporations & Taxation* v. *Assessors of Springfield*, 329 Mass. 419. *Assessors of Springfield* v. *New England Telephone & Telegraph Co., ante,* 198.

On February 25, 1952, the commissioner, in accordance with the provisions of G. L. (Ter. Ed.) c. 59, § 39, as amended by St. 1933, c. 254, § 36, and St. 1939, c. 451, § 22,[1] certified to the assessors the valuations at which the machinery, poles, wires and underground conduits, wires and pipes of American Telephone and Telegraph Company, New England Telephone and Telegraph Company, and Western Union Telegraph Company[2] located in Springfield should be assessed as of January 1, 1952. The assessors, deeming themselves aggrieved on the ground that the commissioner's valuations were too low, appealed to the Appellate Tax Board under the provisions of § 39. That board held a hearing which began on December 3, 1952, and later, on December 17, 1952, rendered a majority decision in which it more than doubled the valuations certified by the commissioner to the assessors.

At the beginning of the hearing before the board, on December 3, 1952, the commissioner moved that the assessors' appeal to the board be dismissed as moot. The motion ought to have been granted for the reason that any assessment made after December 1 upon any valuation by the board would necessarily be made too late to enable

---

[1] The amended section is quoted in full, together with the substance of the companion § 73, at page 199, *ante.* See now St. 1953, c. 468.

[2] It does not appear, however, that any valuation was made as to machinery of Western Union Telegraph Company.

the taxpayers to apply to the commissioner for an abatement under § 73, which requires application "on or before December first of the year to which the tax relates."[1] This same point was decided in *Commissioner of Corporations & Taxation* v. *Assessors of Springfield*, 329 Mass. 419, where on page 422 we said, "Viewing the pertinent statutory provisions as a whole, it is clear that the Legislature intended the decision of the Appellate Tax Board to be 'final and conclusive, except as provided in section seventy-three, relative to abatements.' As between the commissioner and the Appellate Tax Board, the commissioner under § 73 has the later function to perform. He has the duty to make an abatement if he finds a company taxed 'at more than its just proportion,' or upon an assessment of property 'in excess of its fair cash value.' Where the Appellate Tax Board defers its decision until after December first, the later function of the commissioner on abatements would become a dead letter. It seems plain to us that the Legislature never meant that to happen." In *Assessors of Springfield* v. *New England Telephone & Telegraph Co.*, ante, 198, at page 200, in referring to the previous decision from which we have just quoted, we said that the proceeding before the board "was ordered dismissed as moot for the reason that any decision of the board would then necessarily come so late that the company would lose the right of appeal to the commissioner secured to it by § 73, which it must exercise not later than December 1, 1950." These statements are equally applicable to the year 1952.

We note the assessors' argument in their brief now before us to the effect that it is "senseless" to allow the assessors to appeal to the Appellate Tax Board from the commissioner's certification and then to allow the taxpaying company, after decision by the board, to apply for an abatement to the same commissioner, and that therefore the right of the taxpaying company to an abatement under § 73 must

---

[1] The date December 1, which calls for prompt action in cases of this type, first appears in St. 1933, c. 254, § 44. Formerly more time had been allowed. St. 1926, c. 71, § 3. St. 1915, c. 137, § 5.

exist only where the assessors have not appealed to the Appellate Tax Board, and that where the assessors have appealed the remedy of the taxpaying company is by application to the assessors for abatement followed by appeal to the Appellate Tax Board under c. 59, § 59, as most recently amended by St. 1946, c. 199, § 1, and c. 59, § 65, as appearing in St. 1945, c. 621, § 6. But this contention runs directly contrary to the wording of § 39 by which it is expressly provided in substance that valuations by the Appellate Tax Board shall be subject to abatement by the commissioner as provided in § 73. Sections 39 and 73 are companion sections originally enacted together as §§ 1 and 5 of St. 1915, c. 137, and are still to be read together in spite of the fact that as the result of subsequent revisions they have been placed in different parts of the chapter. It will not do simply to read the sections of c. 59 as they now appear in the General Laws without regard to their history or to the several purposes intended to be accomplished when they were enacted. The assessors persist in refusing to recognize that the act of 1915 relieved the poles and wires and underground conduits, wires and pipes[1] of telephone and telegraph companies from ordinary methods of valuation and assessment and substituted a different method which must now be followed, and that this was done to avoid the difficulties that had arisen from the inconsistent local assessment of fragments of larger systems and to provide necessary consistency and uniformity through the determinations of an officer having State wide jurisdiction. *Assessors of Springfield* v. *New England Telephone & Telegraph Co., ante,* 198, 201–204. It is at least seriously doubtful whether these companies, which come under the special provisions introduced by the statute of 1915, have any rights under the general provisions of §§ 59 and 65, and at any rate to deny them relief through abatement by the commissioner under § 73 would restore by means of separate appeals to the Appellate Tax Board as to particular local assessments

---

[1] "Machinery" was added by St. 1918, c. 138, § 1.

the very method of separate valuations of fragments of systems which it was the clear purpose of the act of 1915 to eliminate.

Moreover, if there is any incongruity in giving the commissioner power at the instance of the taxpayer to abate an assessment after a valuation by the Appellate Tax Board on an appeal by the assessors from the commissioner's certification there would seem to be an equal incongruity in the procedure suggested by the assessors whereby the taxpayer would be remitted for an abatement to the same Appellate Tax Board that would already have fixed the valuation upon the assessors' appeal on which the taxpayer would have had no opportunity to be heard.

The decision is reversed. The order denying the commissioner's motion to dismiss the assessors' appeal to the Appellate Tax Board is reversed. Instead an order is to be entered granting the commissioner's motion to dismiss the assessors' appeal on the ground of mootness.

*So ordered.*