Commissioner of Corporations and Taxation *vs.* Assessors of Haverhill

(and a companion case between the same parties).

Suffolk. October 6, 1953. — December 2, 1953.

Present: Qua, C.J., Lummus, Ronan, Spalding, & Williams, JJ.

*Moot Question. Taxation*, Telephone company; Telegraph company; Appellate Tax Board: appeal to board, parties. *Constitutional Law*, Taxation, Delegation of powers.

An appeal to the Appellate Tax Board under G. L. (Ter. Ed.) c. 59, § 39, as amended, by assessors from the valuation of property of a telephone and telegraph company made by the commissioner of corporations and taxation for the year 1951 under that section, and a like appeal from the valuation made by him for the year 1952, must be dismissed on the ground of mootness where in each case the decision of the board was deferred until after December 1 in the year to which that case related, when it was too late for the company to apply to the commissioner for an abatement under § 73, as amended. [555]

G. L. (Ter. Ed.) c. 59, § 39, as amended, is a constitutional delegation to the commissioner of corporations and taxation of the power to determine the value for purposes of taxation of specified property of telephone and telegraph companies. [555–556]

Assessors are parties aggrieved under G. L. (Ter. Ed.) c. 59, § 39, as
amended, by a valuation made by the commissioner of corporations
and taxation of property of a telephone and telegraph company under
that section.  [556]

APPEALS from decisions by the Appellate Tax Board.

*H. William Radovsky*, Special Counsel, for the commissioner of corporations and taxation.

*Salvatore Faraci*, City Solicitor, & *Frederick H. Magison*,
Special Counsel, for the assessors, submitted briefs.

LUMMUS, J.  General Laws (Ter. Ed.) c. 59, § 39, as
amended by St. 1933, c. 254, § 36, and St. 1939, c. 451, § 22,
appears in a footnote in 329 Mass. at page 420, and at
page 199, *ante*.  It provides that the commissioner of cor-
porations and taxation shall determine annually the valua-
tion at which the machinery, poles, wires and underground
conduits, wires and pipes of telephone and telegraph com-
panies shall be assessed by municipal assessors, subject to
appeal to the Appellate Tax Board, whose decision as to
valuation shall be final, except for a possible abatement
under § 73 of c. 59.

On February 14, 1951, the commissioner determined the
valuation of the poles, wires, pipes and underground con-
duits owned by the New England Telephone and Telegraph
Company in Haverhill to be $565,500, and the valuation of
its machinery owned there to be $44,300.  The assessors
appealed to the Appellate Tax Board on February 19, 1951.
The Appellate Tax Board, on December 10, 1952, deter-
mined the valuation of all the foregoing property subject to
taxation in 1951 to be $1,817,690, an increase to nearly three
times the valuation put upon it by the commissioner.  On
December 26, 1952, the commissioner appealed to this court.

By G. L. (Ter. Ed.) c. 59, § 73, as amended by St. 1933,
c. 254, § 44, a telephone or telegraph company must, if it
wishes an abatement, apply for it to the commissioner on or
before December 1 of the year to which the tax relates.  In
this case the Appellate Tax Board delayed its decision as to
the valuation for 1951 until December 10, 1952, when it was
too late for the company to seek an abatement from the tax

commissioner. The decision in *Commissioner of Corporations & Taxation* v. *Assessors of Springfield*, 329 Mass. 419, requires us to dismiss the assessors' appeal to the Appellate Tax Board for mootness. See also *Assessors of Springfield* v. *New England Telephone & Telegraph Co.*, *ante*, 198.

The companion case is an appeal by the assessors of Haverhill from a determination of the commissioner of corporations and taxation of the valuation at which the machinery, poles, wires, pipes and underground conduits of the New England Telephone and Telegraph Company should be assessed by the assessors for the year 1952. The commissioner valued machinery at $44,300 and the poles, wires, pipes and underground conduits at $568,500. The valuation was made on February 26, 1952, and the assessors appealed to the Appellate Tax Board on February 27, 1952. On December 17, 1952, when it was too late for the company to apply for an abatement, the board made its decision, determining the value of the machinery at $49,000, and the value of the poles, wires, pipes and underground conduits at $1,746,674. The commissioner appealed to this court on December 19, 1952.

For the reasons already stated with regard to the principal case, we think that the appeal of the assessors to the Appellate Tax Board should have been dismissed as moot.

The assessors attack c. 59, § 39, of the General Laws (Ter. Ed.) as unconstitutional, in both the principal and the companion case. This contention is without merit. The Constitution of Massachusetts, Part II, c. 1, § 1, art. 4, gives the General Court power to impose "reasonable assessments, rates, and taxes, upon all . . . estates lying, within the said commonwealth." The General Court, in G. L. (Ter. Ed.) c. 58, § 1, as appearing in St. 1943, c. 428, § 2, gives the commissioner of corporations and taxation the authority to give local assessors "such information and require of them such action as will tend to produce uniformity throughout the commonwealth in valuation and assessments." General Laws (Ter. Ed.) c. 59, § 39, was enacted to provide such uniformity in local telephone and telegraph

company assessments. Report of tax commissioner for year ending November 30, 1914, Pub. Doc. No. 16, pages 28, 29, and 30. *Assessors of Springfield* v. *New England Telephone & Telegraph Co., ante,* 198, 201–202. We see no reason why the power to determine valuations for purposes of taxation may not be delegated to the commissioner as well as to the assessors.

The Appellate Tax Board, in both the principal and the companion cases, determined that the assessors were aggrieved parties under G. L. (Ter. Ed.) c. 59, § 39. This was correct, as the valuations which the assessors were appealing to the Appellate Tax Board were those of the commissioner, in conformity with the statute, not their own.

Since the appeals of the assessors in both the present cases should have been dismissed as moot, it is not necessary to discuss at this time whether or not the Appellate Tax Board was in error in its findings as to the fair cash value of the personal property of the New England Telephone and Telegraph Company in Haverhill.

The decision is reversed, in the principal case. The order denying the commissioner's motion to dismiss the assessors' appeal to the Appellate Tax Board is reversed. Instead, an order is to be entered granting the commissioner's motion to dismiss the assessors' appeal on the ground of mootness.

In the companion case, it is similarly ordered.

*So ordered.*