STATE TAX COMMISSION *vs.* ASSESSORS OF HAVERHILL
(and three companion cases[1]).

Suffolk.    December 8, 1953, March 30, 1954. — April 5, 1954.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Moot Question.   Taxation,* Telephone company, Telegraph company.

A proceeding in the Appellate Tax Board on an appeal under G. L. (Ter. Ed.) c. 59, § 39, as amended, by assessors from the valuation of property of a telephone and telegraph company made by the commissioner of corporations and taxation for the year 1953 under that section became moot where the decision of the board on such appeal was

---

[1] The companion cases are State Tax Commission *vs.* Assessors of Haverhill, State Tax Commission *vs.* Assessors of Springfield, and State Tax Commission *vs.* Assessors of Springfield.

rendered several months before December 1, 1953, but a seasonable appeal by the commissioner from the board's decision was not argued in this court until after that date: there was no final determination of value by the board on which an assessment could be based before December 1, when the company lost its right to apply for an abatement under § 73, as amended, and an assessment based on the board's decision could not be validly made thereafter.

APPEALS from decisions by the Appellate Tax Board.

*John V. Phelan,* Assistant Attorney General, for the State tax commission.

*Salvatore Faraci,* City Solicitor, for the assessors of Haverhill, submitted a brief.

*Charles D. Sloan,* City Solicitor, for the assessors of Springfield, submitted a brief.

QUA, C.J. Two of these four cases are appeals to this court originally taken by the former commissioner of corporations and taxation but now prosecuted by the State tax commission from decisions of the Appellate Tax Board increasing the valuation certified under G. L. (Ter. Ed.) c. 59, § 39, as appearing in St. 1933, c. 254, § 36, as amended by St. 1939, c. 451, § 22,[1] by the commissioner to the assessors of Haverhill for the year 1953 upon the machinery, poles, wires and underground conduits, wires and pipes of New England Telephone and Telegraph Company located in the city of Haverhill. The only reason for two cases instead of one seems to be that the commissioner originally on February 18 certified the valuation of this property as $612,800 and subsequently on March 6 certified a substitute valuation of $615,100, and the assessors appealed from each certification. The two appeals have been carried along as separate cases.

Of the two remaining cases, one is an appeal originally taken by the former commissioner but now prosecuted by the State tax commission from a decision of the Appellate Tax Board increasing the valuation similarly certified by the commissioner to the assessors of Springfield for the year 1953 on similar property (except machinery) of Western

---

[1] See now St. 1953, c. 654 § 32.

Union Telegraph Company located in the city of Springfield, and the other is a similar appeal relative to similar property of New England Telephone and Telegraph Company and of American Telephone and Telegraph Company located in Springfield.

In the Appellate Tax Board the *Springfield* cases were not heard with the *Haverhill* cases, but the questions arising in all the cases are sufficiently alike to make it convenient for us to deal with them together.  In the *Haverhill* cases the Appellate Tax Board increased the commissioner's final valuation of the poles, wires and underground conduits, wires and pipes from $570,700 to $1,666,660 and in the *Springfield* cases it increased the valuations from $29,500 to $60,983 in the case of Western Union Telegraph Company, from $3,370,100 to $11,071,484 in the case of New England Telephone and Telegraph Company, and from $323,700 to $956,023 in the case of American Telephone and Telegraph Company.  Comparatively slight increases were also made in most instances in the valuations of machinery.

We are of opinion that these cases have become moot as matter of law by reason of facts which are disclosed by the records or lie within our judicial knowledge.  The findings of the Appellate Tax Board in all the cases were made in July, 1953, and the commissioner seasonably appealed to this court.  These appeals were not argued here until after December 1, 1953.  It was then already too late to make any assessment based upon the findings of the board, since the taxpaying companies would lose their rights to apply to the commission for abatements under c. 59, § 73, as appearing in St. 1933, c. 254, § 44, as amended by St. 1953, c. 654, § 36, unless they applied by December 1.  We have already held in several cases that a controversy between the assessors and the former commissioner over the commissioner's determination of valuation under § 39 could not be prolonged until the taxpayer lost its right to seek an abatement.  *Commissioner of Corporations & Taxation* v. *Assessors of Springfield*, 329 Mass. 419.  *Assessors of Springfield.* v. *New England Telephone &*

*Telegraph Co.* 330 Mass. 198. *Commissioner of Corporations & Taxation* v. *Assessors of Springfield,* 330 Mass. 433. *Commissioner of Corporations & Taxation* v. *Assessors of Haverhill,* 330 Mass. 553. We are not informed upon the records in these present cases whether the assessors attempted to make assessments based upon the findings of the Appellate Tax Board while the right of appeal from the decisions of the board to this court existed or while the appeals were pending here. We do not see how "the value determined . . . by the appellate tax board," which is one of the bases for assessment under § 39, can be known until after the time for appeal has expired or until any pending appeal has been decided. Until that time there has been no final determination by the board, since its decision may have to be modified as the result of the appeal. And we do not think that an assessment before that time can be validated, if the action of the board should subsequently be sustained in this court. In any view we are able to take of the present situation decisions of these cases by us would be mere useless formalities.

We do not know whether these cases could have been made ready so as to have been argued in this court and decided before December 1. No doubt the court would have advanced them upon motion, if they were ready. But as the applicable statutes now read the time allowed between the certification of valuation by the State tax commission on March 15 and December 1, when the taxpaying companies must apply to the commission for abatements, scarcely gives sufficient opportunity, even with all due diligence, for hearing and decision by the Appellate Tax Board, the preparation of an appeal record, and argument and decision in this court in one of these cases involving large property interests and a mass of detail. If a remedy is needed, it lies beyond our province to provide one.

In each case the entry will be

*Appeal dismissed.*