STATE TAX COMMISSION *vs.* ASSESSORS OF HAVERHILL.

Suffolk.   October 6, 1954. — November 1, 1954.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Taxation*, Telephone company; Telegraph company; Appellate Tax Board: appeal to board, jurisdiction of board. *Evidence*, Opinion: expert; Of value.

*State Tax Commission* v. *Assessors of Springfield,* *ante*, 677, followed.

APPEAL from a decision by the Appellate Tax Board.

In this court the case was submitted on briefs.

*George Fingold*, Attorney General, & *John V. Phelan*, Assistant Attorney General, for the State tax commission.

*Salvatore Faraci*, City Solicitor, for the assessors of Haverhill.

WILKINS, J.   This appeal by the State tax commission
from a determination by the Appellate Tax Board of the
valuation of the "machinery, poles, wires and underground
conduits, wires and pipes" located in Haverhill belonging
to New England Telephone and Telegraph Company on
January 1, 1954, presents questions similar to those decided
by us this day in *State Tax Commission* v. *Assessors of
Springfield, ante,* 677.

On March 5, 1954, the tax commission certified to the
assessors that the valuation as of January 1, 1954, at which
the assessors should assess the property pursuant to G. L.
(Ter. Ed.) c. 59, § 39, as appearing in St. 1953, c. 654, § 32,
was: poles, wires and underground conduits, wires and pipes
$575,200; machinery $44,400; total $619,600.

On March 12, 1954, the assessors appealed to the Appel-
late Tax Board, which conducted a hearing on the same day
as the hearing in the *Springfield* case.   Again the only wit-
ness to value was one Hill of Chicago, Illinois, who testified
on behalf of the assessors that in his opinion the fair cash
value should be: overhead plant $190,293; underground
plant $1,451,906; machinery $45,872; total $1,688,071.
Again the Appellate Tax Board on June 22, 1954, in a ma-
jority decision adopted his exact figures as the fair cash value
of all the items of property.

1. There was no error in the failure to rule that the
burden was upon the assessors to prove that the original
determination of value made by the tax commission was in
error, unfair, or unreasonable.   The tax commission's motion
to dismiss was rightly denied, and its requests for rulings
in substance to that effect could not have been given.   *State
Tax Commission* v. *Assessors of Springfield, ante,* 677.

2. The tax commission also argues the same question of
evidence. The testimony of value summarized above was
received subject to the tax commission's exception.   The
witness testified that in 1951 he was engaged by the city of
Haverhill to investigate the taxable property of the tele-
phone company; that he made a physical inventory in the
field of the overhead plant; that he made an inventory of

the underground conduits from the records supplied by the telephone company to the city engineer and on file in his office; that "These records represented the underground plant of the New England Company in the city of Haverhill"; that he "inventoried also the buried cable and submarine cable from the records of the telephone company which were on file with the city engineer for the underground cable in ducts, of which there was no record"; that he estimated the current construction cost of that underground cable and ducts as fifty per cent of the cost of the conduit in which the cable was located, this percentage being derived from his knowledge of the relationship of underground cable and conduit in cities of comparable size and composition; that he also formed an opinion as to the fair cash value of the property in 1952, 1953, and 1954; that in arriving at his opinion for January 1, 1954, he took into account the figures for 1951 and 1953 which he had already determined, the net additions to the property, and the amount of depreciation as determined by him from physical inspection of the property and by examination of the records of the dates of placement; and that he took these determinations and figures as a guide in his "determination of fair cash value, as what a willing buyer would pay and a willing seller would give [*sic*] for the property in question."

The testimony of the expert is open to the same objection as that in the *Springfield* case. The proper foundation for his opinion was not laid, and could not be provided by the witness in the manner attempted.

*Decision reversed.*