ASSESSORS OF HAVERHILL *vs.* NEW ENGLAND TELEPHONE
AND TELEGRAPH COMPANY.

Suffolk.    November 3, 1954. — March 7, 1955.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Taxation,* Telephone company, Telegraph company, Assessors.    *Constitutional Law,* Taxation, Due process of law, Equal protection of laws, Delegation of powers, Who may question constitutionality. *Public Officer.*

Assessment of a tax upon property of a telephone and telegraph company in accordance with the procedure prescribed in G. L. (Ter. Ed.) c. 59, §§ 39, 41, and 73, as amended and in effect in 1951, on the basis of the fair cash value of the property and at the same tax rate as that applied to other property subject to local taxation would not violate the requirement of Part II, c. 1, § 1, art. 4 of the Constitution of Massachusetts that taxes be proportional and reasonable, although the value of the property might have been finally determined by the commissioner of corporations and taxation upon application for abatement rather than by the assessors or by the Appellate Tax Board.  [359–360]
G. L. (Ter. Ed.) c. 59, § 73, as appearing in St. 1933, c. 254, § 44, did not deny due process of law or equal protection of the laws in that it granted an appeal to a telephone and telegraph company aggrieved by a refusal of the commissioner of corporations and taxation to abate a tax assessed on its property without granting any appeal to the assessors from an abatement thereof by the commissioner.  [360]
There is no denial of equal protection of the laws in that property of telephone and telegraph companies described in G. L. (Ter. Ed.) c. 59, § 39, as amended, is assessed by a method different from that provided for assessing somewhat similar property of other public service companies.  [360–361]
The procedure prescribed in G. L. (Ter. Ed.) c. 59, §§ 39, 41, and 73, as amended and in effect in 1951, constitutionally delegated to the commissioner of corporations and taxation the power to determine the

value of specified property of telephone and telegraph companies for purposes of taxation. [361–362]

Assessors had no standing to raise the question of the constitutionality of G. L. (Ter. Ed.) c. 59, §§ 39, 41, and 73, as amended and in effect in 1951, upon an appeal by them from a decision of the Appellate Tax Board abating as invalid a tax assessed for that year on the machinery, poles, wires and underground conduits, wires and pipes of a telephone and telegraph company on the basis of a valuation fixed by them instead of a valuation fixed in accordance with § 39. [362]

APPEAL from a decision by the Appellate Tax Board.

In this court the case was submitted on briefs.

*Frederick H. Magison & Salvatore Faraci,* City Solicitor, for the assessors of Haverhill.

*Leland Powers, Leon F. Sargent, & Roger Clapp,* for the taxpayer.

QUA, C.J. The assessors appeal from a decision of the Appellate Tax Board abating a tax assessed for the year 1951 in the sum of $49,639.44 on the machinery, poles, wires and underground conduits, wires and pipes of the company located in Haverhill. The board ruled that the assessment was invalid.

At the time of the assessment it was provided by G. L. (Ter. Ed.) c. 59, § 39, as appearing in St. 1933, c. 254, § 36, and as amended by St. 1939, c. 451, § 22,[1] that local assessors should assess the machinery, poles, wires and underground conduits, wires and pipes of telephone and telegraph companies at a value determined by the commissioner of corporations and taxation and certified by him to the assessors, or in case of appeal by the assessors from the commissioner's valuation, at the value determined by the Appellate Tax Board. Instead of complying with this section, the assessors used a valuation fixed by themselves which was $550,000 greater than that certified to them by the commissioner. They now contend not only that § 39 was unconstitutional but also that § 41, as appearing in St. 1933, c. 254, § 37,[2] which provided for returns by the companies to the com-

---

[1] Subsequent changes are found in St. 1953, c. 468, and St. 1953, c. 654, § 32.

[2] Subsequently amended by St. 1953, c. 654, § 34.

missioner to enable him to make his valuations, and § 73, as appearing in St. 1933, c. 254, § 44,[1] which provided that a company aggrieved by the taxes assessed on it might apply to the commissioner for an abatement, were likewise unconstitutional.

These sections, or some of them, have been the subject of a series of decisions in recent years at the instance of the assessors of Springfield and of Haverhill. *Commissioner of Corporations & Taxation* v. *Assessors of Springfield,* 329 Mass. 419. *Assessors of Springfield* v. *New England Telephone & Telegraph Co.* 330 Mass. 198. *Commissioner of Corporations & Taxation* v. *Assessors of Springfield,* 330 Mass. 433. *Commissioner of Corporations & Taxation* v. *Assessors of Haverhill,* 330 Mass. 553. *State Tax Commission* v. *Assessors of Haverhill,* 331 Mass. 306. *State Tax Commission* v. *Assessors of Springfield,* 331 Mass. 677. *State Tax Commission* v. *Assessors of Haverhill,* 331 Mass. 685. In the case of *Commissioner of Corporations & Taxation* v. *Assessors of Haverhill,* 330 Mass. 553, at page 555, we said that the assessors' attack upon the constitutionality of § 39 was "without merit." Inasmuch, however, as the present attack is not confined to § 39 and appears to be pressed upon grounds different from those advanced in the case last cited we consider the arguments here addressed to us.

1. There is no violation of the requirement of Part II, c. 1, § 1, art. 4, of the Constitution of the Commonwealth that assessments, rates and taxes be proportional and reasonable. The value to be determined by the commissioner[2] under § 39 is the fair cash value of the property. This is implicit in § 39 and is made explicit by the reference to "fair cash value" in § 73. The basis of valuation is therefore the same as that upon which the assessors must act under G. L. (Ter. Ed.) c. 59, § 38, in determining the value of other property in the city. And of course the tax rate must be the same as that applied to other property. § 39. The only possible ground for the contention that the tax

---

[1] Subsequently amended by St. 1953, c. 654, § 36.
[2] Now by the State tax commission. St. 1953, c. 654, § 32.

assessed upon the company under the statutes in question is not proportional and reasonable is that the value may be finally determined by the commissioner [1] upon application for abatement rather than by the assessors or the Appellate Tax Board. But taxes are not rendered disproportionate or unreasonable merely because the values of different types of property may under the law be fixed by different officers whose judgments may differ as to value and as to the best method of determining it. There is no requirement that all valuations for tax purposes be made by a single officer or a single board. *Cummings* v. *Merchants' National Bank*, 101 U. S. 153, 160–161. *Nashville, Chattanooga & St. Louis Railway* v. *Browning*, 310 U. S. 362. See *New York State* v. *Barker*, 179 U. S. 279. There is nothing to show that there is in favor of telephone and telegraph companies "an intentional discrimination and one adopted as a practice." (*Chicago Great Western Railway* v. *Kendall*, 266 U. S. 94, 99), even though the commissioner and the assessors may have entertained different views as to the best method of ascertaining value.

2. There is no denial of due process or of equal protection of the laws in the provision of § 73 granting an appeal to a company aggrieved by the commissioner's [2] refusal of an abatement without granting any corresponding appeal to the assessors. Assessors are strictly public officers. *Burr* v. *Boston*, 208 Mass. 537, 541. *Hobart* v. *Commissioner of Corporations & Taxation*, 311 Mass. 341, 344. It is for the Legislature to say what rights shall be given to them in their official capacities and what rights denied.

3. There is no denial of equal protection of the laws in providing for the property of telephone and telegraph companies described in § 39 a method of assessment different from that provided for somewhat similar property of other owners, including such other public service companies as electric light and power companies, gas companies, railroads, and street railways. Sufficient ground for valid classifica-

---

[1] Now by the State tax commission. St. 1953, c. 654, § 36.
[2] Now State tax commission's, St. 1953, c. 654, § 36.

tion is found in the differing nature of the services rendered
and of the means employed in rendering them. In recog-
nition of inherent differences these types of public services
have been from the beginning governed by differing statu-
tory provisions. The reasons for adoption of the present
method of valuing the machinery, poles, wires, conduits,
and pipes of telephone and telegraph companies sufficiently
appear in *Assessors of Springfield* v. *New England Tele-
phone & Telegraph Co.* 330 Mass. 198, 201–203. If these
reasons may also have some application to some of the
other types of public service companies just mentioned, the
Legislature may have felt that they apply in less degree
than to telephone and telegraph companies, which we may
now be certain extend into every city and town in the
Commonwealth. The ramifications of particular gas and
electric companies and even of railways may be less ex-
tensive. It may be that no acute problem has arisen in
connection with these companies. These are·matters for
the Legislature to consider. *Old Colony Railroad* v. *As-
sessors of Boston,* 309 Mass. 439, 446–450. *McQuade* v.
*New York Central Railroad,* 320 Mass. 35, 38–39. *Western
Union Telegraph Co.* v. *Indiana,* 165 U. S. 304. *Citizens'
Telephone Co. of Grand Rapids* v. *Fuller,* 229 U. S. 322.
*New York, Philadelphia & Norfolk Telegraph Co.* v. *Dolan,*
265 U. S. 96. See *Kentucky Railroad Tax Cases,* 115 U. S.
321, 336–339; *Michigan Central Railroad* v. *Powers,* 201
U. S. 245; *Connolly* v. *Union Sewer Pipe Co.* 184 U. S.
540; *Southwestern Oil Co.* v. *Texas,* 217 U. S. 114; *Nash-
ville, Chattanooga & St. Louis Railway* v. *Browning,* 310
U. S. 362, 368. Compare *Vigeant* v. *Postal Telegraph
Cable Co.* 260 Mass. 335.

4. There is no unconstitutional delegation of power to
the commissioner.[1] Authority finally to fix values must be
placed in some officer or board. In *Commissioner of Cor-
porations & Taxation* v. *Assessors of Haverhill,* 330 Mass.
553, at page 556, we said, "We see no reason why the power

---

[1] Now State tax commission. St. 1953, c. 654, §§ 32, 36.

to determine valuations for purposes of taxation may not be delegated to the commissioner as well as to the assessors." See also *Duffy* v. *Treasurer & Receiver General*, 234 Mass. 42, 47.

5. But there is a further underlying reason why this appeal cannot succeed. No personal or property rights of the assessors are here involved. "It is a general principle that no one can question in the courts the constitutionality of a statute already enacted except one whose rights are impaired thereby." *Horton* v. *Attorney General*, 269 Mass. 503, 513. *Mullholland* v. *State Racing Commission*, 295 Mass. 286, 292. *Morrissey* v. *State Ballot Law Commission*, 312 Mass. 121, 135–136. *Landers* v. *Eastern Racing Association, Inc.* 327 Mass. 32, 43. This rule extends to public officers whose private rights are not involved. *Smith* v. *Indiana*, 191 U. S. 138, 148–149. *Braxton County Court* v. *West Virginia*, 208 U. S. 192, 197. *Massachusetts* v. *Mellon*, 262 U. S. 447, 488. *Columbus & Greenville Railway* v. *Miller*, 283 U. S. 96, 99–100. In general an administrative officer cannot refuse to proceed in accordance with statutes because he believes them to be unconstitutional. *Smith* v. *Indiana*, 191 U. S. 138, 148. He must leave that issue to be raised by the persons who are adversely affected. *Smyth* v. *Titcomb*, 31 Maine, 272, 286–287. For collection of cases see 11 Am. Jur., Constitutional Law, § 117; 129 A. L. R. 941. If there are exceptions to this principle, there is no reason for counting this case among them.

As ordered by the Appellate Tax Board the tax must be abated in the amount of $49,639.44.

*So ordered.*